(33 App. Div. 450.)

SILVER v. WESTERN ASSUR. CO. OF TORONTO, CANADA.

(Supreme Court, Appellate Division, First Department.   October 21, 1898.)

FIRE INSURANCE—APPRAISEMENT—WAIVER.

Insured submitted formal proofs of loss eight days after the fire.  A month after the fire, no reply having been received from the company, insured signed an agreement for submission to appraisers, and forwarded it to the company for its signature, with a request for information regarding an appraisement.  A month later the attorney for insured received an inquiry from the company as to the address of the appraiser selected, which was at once furnished.  No further word was received from the company, and, more than 60 days having passed since the proof of loss, insured brought suit.  A letter sent by the company to the appraiser named, in care of the insured, at the latter's address, had been returned to the sender marked, "Not found," but the company or its attorney had made no immediate efforts to learn from insured or his attorney such appraiser's address.  *Held*, that the acts of the company constituted a waiver of its privilege to demand an appraisement.

Appeal from trial term.

Action by Helen Silver against the Western Assurance Company of Toronto, Canada.  From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

George A. Stearns, for appellant.

A. Sarasohn, for respondent.

O'BRIEN, J.   The action was brought to recover upon a fire insurance policy, and payment was resisted upon the grounds (1) that there had been no appraisal; (2) that the property affected by the fire was not the sole and exclusive property of the assured; (3) that the assured had sworn falsely as to the ownership of the property; and (4) that the fire was of incendiary origin.   To sustain the second, third, and fourth assertions, little or no evidence was presented by the defendants; but the learned trial judge properly submitted the claims to the jury, who having decided them in the plaintiff's favor, we find no valid grounds in the record for disturbing their verdict. This leaves the principal question on appeal the one of appraisement; and in discussing that question we assume, in the absence of a copy of the policy of insurance, that the conditions were, as claimed by the appellant, the usual conditions of the standard form in this state. Thereunder the company had an undoubted right, after the fire, to demand and obtain an appraisement; but it is clear that it could waive such right as a matter of fact, and, by neglecting to demand an appraisement subsequent to the fire, or to take any position with regard thereto, it would, as a matter of law, be deprived of its right to demand an appraisal.   There is force in the contention of the plaintiff that the company had assumed such an attitude that it could not demand an appraisal without being inconsistent, in that, as a matter of law, it had waived the right to an appraisal by resisting payment upon the ground that the assured had sworn falsely as to

ownership, and thereafter had set fire to the property, and that thus no liability whatever was created under the policy. It is unnecessary, however, to decide that question, for we think it appears as a matter of fact that there was a waiver of the right to an appraisement. The fire occurred November 14, 1895. The assured submitted formal proofs of loss on November 22d. On the 14th of December, no reply having been received from the company, the assured signed an agreement for submission to appraisers, and forwarded the same to the company for signature, with a request for information regarding an appraisement. There was no reply until January 14, 1896, when the attorney for the assured received an inquiry from the company for the address of the appraiser selected. This address was at once furnished, but no further word was received from the company, and, 60 days having passed after submission of the formal proof of loss, suit was commenced on January 28th. We have not overlooked the fact that a letter was sent to the appraiser named, in care of the assured, at the latter's address, and was returned to the sender, marked "Not found." The company and its attorney both knew the address of the attorney for the assured, who was endeavoring to obtain payment of the policy; and no good explanation is offered why, if sincere in their effort to obtain the appraiser's address, they did not make inquiry of the attorney. When this was done later, the information was promptly furnished. These facts clearly show that the assured was unreasonably kept in ignorance as to whether the company desired an appraisal or not. No positive steps were taken by the company, and the only steps towards an appraisement were taken by the assured, who thereby showed a willingness to have such an appraisement. We must therefore conclude that, independent of other considerations, the negligence of the company to request an appraisement, or to state its intention or desire for one, within the 60 days following the submission of formal proof of loss, was a waiver on its part of its privilege under the policy to demand an appraisal.

The judgment should therefore be affirmed, with costs. All concur.